IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ADRIENNE FORBES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION | ) **Jury Demand Endorsed Herein** |
| SOLUTIONS, INC., | ) |
| | ) |
| And | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC | ) |
| | ) |
| Defendant(s). | ) |

COMES NOW Plaintiff, Adrienne Forbes, by and through undersigned counsel, and for her Complaint against the Defendants, Experian Information Solutions, Inc., and Equifax Information Systems, LLC., states and avers as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff against Defendant for the willful, knowing, and/or negligent violation of, *inter alia*, Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## PARTIES

2. Adrienne Forbes ("Plaintiff") is a natural person that resides in Missouri.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that regularly transacts business in the state of Missouri by and through its registered agent, The Corporation Company.

5. Experian is a national consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

6. Equifax, LLC "(Equifax)" is a limited liability company that regularly transacts business in the state of Missouri, by and through its registered agent, CSC Lawyers Incorporating Service Company.

7. Equifax is a national consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681*p*.

9. Venue in this District is proper because Plaintiff resides in this District, Defendants transact business in this District, and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

10. In July 2021, Plaintiff decided that she was interested in purchasing a home.

11. In furtherance of that goal, she began focusing her efforts on improving her credit scores so that she would be eligible for the best available interest rates.

12. After reviewing her credit reports, Ms. Forbes identified several negative accounts that she did not recognize.

13. Assuming this was a simple mistake, on July 20th, 2021, Plaintiff contacted Experian and Equifax "(The CRA's)" each by letter and requested that each investigate the unknown accounts for accuracy.

14. Pursuant to 15 U.S.C. § 1681i(a)(2) of the FCRA, the CRA's were then required to reasonably investigate Plaintiff's disputes, as well as forward copies of Plaintiff's dispute letters to the creditors responsible for the disputed information.

15. However, after approximately 30 days, Plaintiff still had not received any response from the CRA's or any of the creditors at issue.

16. On or about August 24th, 2021, Plaintiff obtained another copy of her credit reports and confirmed that the derogatory accounts were still showing an active balance.

17. In fact, the credit reports did not show any indication that the accounts were even investigated – neither Experian nor Equifax listed any comments or other notes on the accounts reflecting the accounts as "disputed" or in a dispute status.

18. Plaintiff was beyond angry. Why was her report reflecting this negative information? Why was no one investigating or responding to her disputes?

19. Wanting to stay vigilant about getting this issue corrected, Plaintiff sent another letter to the three CRAs on August 24th, 2021. Again, this communication disputed the inaccurate account information and requesting its removal or correction.

20. Plaintiff has yet to receive any correspondence regarding any of her disputes.

21. After contacting CRAs to fix this issue as required under the FCRA, Plaintiff is at a loss as to how to follow, let alone combat, the Defendants' logic in allowing this evidently inaccurate credit information to remain on her credit reports.

22. The CRAs have complete control over the credit picture they paint of Plaintiff, yet they refuse to correct, or even investigate, an objectively false error. Plaintiff feels helpless and hopeless as to what else she can do.

23. Plaintiff fears that she will not be able to obtain an accurate credit report, and so, will be denied her chance to buy a new home, or take advantage of any of countless other credit opportunities she should otherwise be eligible for. This has imposed upon Plaintiff great sadness and frustration, as well as anger and disgust.

24. Plaintiff has lost all trust in the credit reporting system and believes that litigation is her only option to fix her credit reports.

## FIRST CLAIM FOR RELIEF

**Negligent and Willful Violations of 15 US.C. § 1681i(a) and e(b) by Experian**

25. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

26. A "consumer reporting agency" is defined by the FCRA as follows:

27. [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

28. Experian is a "consumer reporting agency" as defined by the FCRA.

29. Section 1681n of the FCRA imposes civil liability on any entity "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. § 1681n(a).

30. Section 1681o of the FCRA provides for civil liability against any entity that is negligent in failing to comply with any requirement imposed under the Act.

31. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed

by the consumer. *See* 15 U.S.C. § 1681*i*(a)(1). The Act imposes a 30-day time limitation for the completing of such an investigation. *Id.*

32. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681*i*(a)(5)(A).

### Experian's Reasonable Reinvestigation Violations

33. By letters dated July 20th, 2021, and August 24th, 2021, Plaintiff disputed the false information listed on an account appearing on her Experian credit report.

34. Plaintiff specifically advised Experian that a mistake had been made, provided all necessary information to Experian to support same, and requested the trade line be deleted or updated accordingly.

35. Either Experian conducted no investigation of Plaintiff's disputes, or such "investigations" were so lacking as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

36. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Experian willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

37. As a direct and proximate result of Experian's repeated disregard for each of Plaintiff's disputes, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

38. As a direct and proximate result of Experian's willful and/or negligent refusal to delete false information from Plaintiff's credit report upon dispute as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such

as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

39. Upon information and belief, Experian has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

40. Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681*n*.

## Experian's Failure To Follow Reasonable Procedures
## To Assure Maximum Possible Accuracy

41. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

42. On numerous occasions, Experian has prepared a patently false consumer report concerning Plaintiff.

43. Despite actual and implied knowledge that the account(s) was reporting inaccurate information, Experian readily sold such false reports to one or more third parties without regard to the accuracy or inaccuracy of what Experian reported.

6
Case 4:23-cv-00429-DGK   Document 1   Filed 06/19/23   Page 6 of 12

44. On each such instance, Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of Section 1681e(b).

45. Through Plaintiff's communications with Experian, Experian knew, or had sufficient reason to know, that when it prepared and sold a consumer report about Plaintiff, the information it was circulating was inaccurate and damaging to Plaintiff. Nevertheless, Experian took no measure to stop painting a false and damaging picture about Plaintiff.

46. Plaintiff has suffered out-of-pocket loss as a result of Experian's willful and/or negligent violations of the FCRA including, without limitation, the premiums Plaintiff must spend for a credit monitoring service – a credit monitoring service that, ironically, further lined Experian's pockets.

47. As a direct and proximate result of Experian's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

48. Upon information and belief, Experian has exhibited a pattern of refusing to follow reasonable procedures as mandated by the FCRA, specifically including improperly processing and investigating incoming consumer disputes ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

49. Experian's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by

circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE** Plaintiff prays for judgment in her favor and against Experian, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

(e) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## SECOND CLAIM FOR RELIEF

### Negligent and Willful Violations of 15 US.C. § 1681i(a) and e(b) by Equifax

50. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

### Equifax's Reasonable Reinvestigation Violations

51. By letters dated July 20th, 2021, and August 24th, 2021, Plaintiff disputed the false information listed on an account appearing on her Equifax credit report.

52. Plaintiff specifically advised Equifax that a mistake had been made, provided all necessary information to Equifax to support same, and requested the trade line be deleted or updated accordingly.

53. Either Equifax conducted no investigation of Plaintiff's disputes, or such "investigations" were so lacking as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

54. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Experian willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

55. As a direct and proximate result of Equifax's repeated disregard for each of Plaintiff's disputes, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

56. As a direct and proximate result of Equifax's willful and/or negligent refusal to remove false information from Plaintiff's credit report upon dispute as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

57. Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

58. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681*n*.

## Equifax's Failure To Follow Reasonable Procedures

## To Assure Maximum Possible Accuracy

59. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

60. On numerous occasions, Equifax has prepared a patently false consumer report concerning Plaintiff.

61. Despite actual and implied knowledge that the accounts contained inaccurate information, Experian readily sold such false reports to one or more third parties without regard to the accuracy or inaccuracy of what Equifax reported.

62. On each such instance, Equifax willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of Section 1681e(b).

63. Through Plaintiff's communications with Equifax, Equifax knew, or had sufficient reason to know, that when it prepared and sold a consumer report about Plaintiff, the information it was circulating was inaccurate and damaging to Plaintiff. Nevertheless, Equifax took no measure to stop painting a false and damaging picture about Plaintiff.

64. Plaintiff has suffered out-of-pocket loss as a result of Equifax's willful and/or negligent violations of the FCRA including, without limitation, the premiums Plaintiff must spend for a credit monitoring service – a credit monitoring service that, ironically, further lined Equifax's pockets.

65. As a direct and proximate result of Equifax's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such

as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

66. Upon information and belief, Equifax has exhibited a pattern of refusing to follow reasonable procedures as mandated by the FCRA, specifically including improperly mixing and/or merging information of more than one person into a consumer's credit file, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

67. Equifax's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE** Plaintiff prays for judgment in her favor and against Equifax, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

(e) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable in this lawsuit.

Respectfully submitted,

**/s/. Thomas A. Addleman**
Thomas A. Addleman #51864
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 140
Lee's Summit, MO 64064
Telephone: 816-246-7800
Facsimile: 855-523-6884
TomA@CreditLawCenter.com
Counsel for Plaintiff